IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. ROBERTS-OBAYASHI CORPORATION, a corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STEADFAST INSURANCE COMPANY, a corporation, and DOES 1 through 5, inclusive,<br><br>　　　　　Defendant.　　　　　　／ | No. C 05-02079 MJJ<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE FIRST AND SECOND CAUSES OF ACTION AND DENYING DEFENDANT'S MOTION TO DISMISS THE THIRD CAUSE OF ACTION** |

**INTRODUCTION**

Before the Court is Defendant Steadfast Insurance Company's ("Defendant") motion to dismiss the complaint filed by James E. Roberts-Obayashi Corp. ("Plaintiff"). Defendant moves to dismiss the first two causes of action for failure to state a claim or, in the alternative, that a more definite statement should be ordered. As to the Third Cause of Action, Defendant moves for dismissal based on the statute of limitations. For the following reasons, the Court **GRANTS** Defendant's motion to dismiss the First and Second Causes of Actions with leave to amend and **DENIES** Defendant's motion to dismiss the Third Cause of Action.

**FACTUAL BACKGROUND**

In December 1996, Plaintiff entered a contract to build a ninety-eight unit condominium project. As part of the contract, Plaintiff agreed to make the developer, Old Oakland Housing

1  Development Corp. ("Old Oakland"), and its agent, Keating Housing Initiations, Inc. ("Keating"),
2  additional insureds on its general liability insurance policy.  Plaintiff further agreed to defend,
3  indemnify and hold Old Oakland harmless with respect to any third-party claims arising out of the
4  construction.  Plaintiff served as the general contractor for the condominium project from December
5  1996 through September 1998.  Following construction, Old Oakland sold the condominium units to
6  the public and conveyed its interest in the common areas to the Old Town Square I Owners
7  Association ("Homeowners' Association").

8        One and a half years after the construction was completed, Defendant issued Plaintiff a
9  commercial general liability insurance policy, effective August 31, 2000 through August 31, 2001.
10  Plaintiff renewed the policy for a second one-year term on August 31, 2001.  Plaintiff alleges that
11  both Old Oakland and Keating are additional insureds under the two policies.

12        In September 2000, the Homeowners' Association for the condominium project delivered to
13  Plaintiff a list of some 200 "observations," most of which were punch list or clean-up items, that
14  needed repair.

15        A month later, in October 2000, the Homewoners' Association alerted Plaintiff to additional
16  mechanical and electrical problems.  During the same month, Plaintiff settled a year and a half old
17  lawsuit it had initiated against Old Oakland.  The terms of that settlement called for Old Oakland to
18  pay Plaintiff $1,122,700 plus interest over several phased payments and for Keating to pay an
19  additional $300,000.  The final phased payment of $410,799.19 was conditioned, *inter alia*, on the
20  following:  (1) Plaintiff agreeing to defend, indemnify, and hold harmless Old Oakland and Keating
21  with respect to the defects reported in September and October 2000; and (2) Plaintiff agreeing to
22  have Old Oakland and Keating named as additional insured on its liability policy.

23        Almost a year later, in September 2001, the Homeowners' Association served Plaintiff with a
24  "Notice to Builder" detailing defective workmanship which they claimed caused property damage.
25  Plaintiff tendered the "Notice to Builder" to Defendant and Defendant accepted the tender.  Old
26  Oakland and Keating were also served with the "Notice to Builder" which they tendered to
27  Defendant.  Defendant rejected their tenders.

28        When the construction defects had not been corrected by May 2002, the Homeowners'

Association brought suit in state court against Plaintiff, Old Oakland, and Keating. Plaintiff, Old Oakland, and Keating, all tendered their defenses to Defendant. Defendant refused to defend and indemnify Plaintiff, Old Oakland, and Keating. At the same time, the Alameda County Superior Court entered a Judgment Pursuant To Settlement requiring Old Oakland and Keating to pay Plaintiff the remaining $410,799.19 conditioned upon, *inter alia*, Plaintiff adding Old Oakland and Keating to its insurance policy and defending and indemnifying them.

Because of Defendant's refusal to defend and indemnify, Plaintiff was contractually obligated to do so for Old Oakland and Keating in the May 2002 litigation brought by the Homeowners' Association. By February 2005, Plaintiff had incurred $51,726 in attorneys' fees defending Old Oakland and Keating. Moreover, the Alameda Superior Court awarded Old Oakland $25,209.35 in attorneys' fees – incurred defending the "Notice to Builder" and attempting to have Defendant accept the defense of Old Oaklnad and Keating – from Plaintiff. Finally, in responding to that suit, Plaintiff incurred attorneys' fees in the amount of $10,715.60.

Thus, Plaintiff brought the instant action alleging three causes of action. In the First Cause of Action, Plaintiff alleges a breach of contract resulting in $498,450.14 in damages for Defendant's unreasonable failure to assume its defense obligations with respect to Old Oakland and Keating. In the Second Cause of Action, Plaintiff seeks a declaratory judgment that Defendant is obligated to defend and indemnify Old Oakland and Keating. The Third Cause of Action alleges that Defendant breached the implied covenant of good faith and fair dealing by denying tender of defense to Plaintiff and the additional insureds.

Defendant has brought the instant Rule 12(b)(6) motion to dismiss the first two causes of action for lack of standing and to dismiss the third cause of action as barred by the statute of limitations.

**LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims asserted in the complaint. *See Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337 (9th Cir. 1996). Dismissal of an action pursuant to Rule 12(b)(6) is appropriate only where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Levine v.*

3

*Diamanthuset, Inc.*, 950 F.2d 1478, 1482 (9th Cir. 1991) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). In reviewing such a motion, the Court must assume all factual allegations to be true and must construe them in the light most favorable to the nonmoving party. *See N. Star v. Ariz. Corp. Comm.*, 720 F.2d 578, 580 (9th Cir. 1983). In the context of a motion to dismiss, review is limited to the contents of the complaint. *Allarcom Pay Television, Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995). However, matters properly presented to a court, such as those attached to the complaint and incorporated within its allegations, may be considered as part of the motion to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Motions to dismiss for failure to state a claim "are generally viewed with disfavor." *Ramos v. Cal. Comm. of Bar Exam'rs of the State Bar of Cal.*, 857 F. Supp. 702, 704 (N.D. Cal. 1994). "Each averment of a pleading shall be simple, concise, and direct." FED. R. CIV. P. 8(e)(1). Courts must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994). If the complaint does not meet the liberal pleading standard, a court must grant leave to amend unless "it is absolutely clear that the deficiencies of the complaint [cannot] be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

## ANALYSIS

Defendant argues that based on Rule 12(b)(6) of the Federal Rules of Civil Procedure, the first two claims (breach of contract and declaratory relief) should be dismissed because Plaintiff is not the real party in interest and the third claim (breach of the implied covenant of good faith and fair dealings) should be dismissed because it is barred by the statute of limitations.

**A.    Rule 17(a) Dictates The First Two Causes Of Action Should Not Be Dismissed.**

Rule 17(a) of the Federal Rules of Civil Procedure requires that "every action shall be prosecuted in the name of the real party in interest." Rule 17(a) also prohibits dismissal of an action "on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." FED. R. CIV. P. 17(a). But, a court can dismiss the

4

action when it grants leave to amend.  *See, e.g.*, *Raynor Bros. v. Am. Cyanimid Co.*, 695 F.2d 382, 384 (9th Cir. 1982); *Cigarette King v. Phillip Morris USA*, 2005 WL 1405122, at *5 (E.D. Cal. Jun 15, 2005).

Defendant argues that Plaintiff seeks to have the Court enforce or obtain a judicial declaration of contractual rights that allegedly exist between:  (1) Defendant and Old Oakland; and (2) Defendant and Keating.  Defendant notes that Rule 17(a) "requires that the party who brings an action actually posses, under the substantive law, the right sought to be enforced."  *United HealthCare Corp. v. Am. Trade Ins. Co.*, 88 F.3d 563, 569  (8th Cir. 1996).  Because Old Oakland and Keating are not the real parties in interest, Defendant contends that the case should be dismissed outright based on Rule 17(a).

Plaintiff concedes that the first and second causes of action, with respect to Old Oakland and Keating, are not brought by the real parties in interest.  (Plaintiff's Opposition to Defendant's Motion to Dismiss ("Opp.") at 7:1–9).  However, Plaintiff argues that dismissal at the current time based on the plain language of Rule 17(a) would be premature since the defect can be cured by joinder, substitution, or an amended complaint.

Under California law, an insurer's obligation to an additional insured is separate and distinct from those owed to the named insured.  *See Am. Home Ins. Co. v. Travelers Indemnity Co.*, 122 Cal. App. 3d 951, 968 (1981).  Moreover, only a party to the policy or an assignee thereunder may sue to enforce the policy or for a judicial declaration of the parties' rights and duties owed under the policy.  *Id.*  The *Travelers Indemnity* court stated that the "question of standing to sue is one of the right to relief and goes to the existence of a cause of action against the defendant." *Id.*  It further noted that "where the complaint states a cause of action in someone, but not in the plaintiff, a general demurrer for failure to state a cause of action will be sustained." *Id.*  However, the court also noted that "sustaining a general demurrer without leave to amend is not an abuse of discretion if it appears from the complaint that under applicable substantive law *there is no reasonable possibility or probability that the defect can be cured by amendment*." *Id.* (quoting *Fireman's Fund Ins. Co. v. Sec. Pacific Nat. Bank,* 85 Cal. App. 3d 797, 832 (1978)) (emphasis added).  Since Defendant only raised its objection to the real party in interest a month and a half ago, the Court finds a reasonable

5

time has not yet passed to allow Plaintiff to ratify the complaint by joinder or substitution of the real party in interest.  Additionally, the Court notes that since there is a reasonable possibility or probability that the defect can be cured by amendment, substitution, or joinder, dismissal without leave to amend is inappropriate. *See Travelers Indemnity*, 122 Cal. App. 3d at 968.  Furthermore, the Court believes that dismissal with leave to amend best serves the interests of justice.  Such a dismissal allows Plaintiff an opportunity to correct the defect and ensures the Court and the parties avoid an unnecessary rehearing on the instant motion to dismiss – thirty days from now – in the event Plaintiff fails to do so.  Accordingly, the Court **GRANTS** Defendant's motion to dismiss the First and Second Causes of Action without prejudice and allows Plaintiff thirty days leave to amend.

**B.     The Statute of Limitations Has Not Yet Run On The Third Cause of Action.**

Defendant argues that since the denial of benefits occurred on December 24, 2002, Plaintiff's lawsuit, filed on April 8, 2005, is past the two-year statute of limitations which ended on December 24, 2004.  Plaintiff contends that the statute of limitations tolls until a judgment in the underlying action is finalized and thus the lawsuit is timely filed.

The statute of limitations for a tortious bad faith claim is two years. *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1143–44 n.4 (1990) ("[T]ort remedies on [a] claim for breach of the covenant of good faith and fair dealing . . . is barred by the two-year statute of limitations under Code of Civil Procedure section 339.")  However, the California Supreme Court has unambiguously declared that the statute of limitations period tolls until a judgment in an underlying action is finalized. *Lambert v. Commonwealth Land Title Ins. Co.*, 53 Cal. 3d 1072, 1075, 1080 (1990).  In *Lambert*, the court explicitly rejected the contention that an "action for breach of the duty to defend a claim under a title insurance policy accrues when tender of the defense is refused." *Id.* at 1074.  Instead, the California Supreme Court specifically noted that it would be unfair "to require an insured . . . to defend the underlying action, at [their] own expense, and simultaneously to prosecute – again at [their] own expense – a separate action against the title company for failure to defend." *Id.* at 1078.  The court held that fairness and justice required "equitable tolling of the insured's action to establish coverage until resolution of the underlying claim." *Id.* at 1081.

Here, the May 2002 Homeowners' Association Lawsuit is the underlying claim to the

6

present action; Defendant's failure to defend and indemnify in that lawsuit prompted Plaintiff to file the instant case. Since the moving party has not established that the underlying action—the May 2002 Homeowner's Association Lawsuit—is complete, *Lambert* permits equitable tolling of Plaintiff's instant action until resolution of the underlying action so that Plaintiff will not have to simultaneously prosecute separate actions at its expense. Accordingly, the Court finds that the instant suit is not barred by the two-year statute of limitations.

Alternatively, even if the Court agreed that equitable tolling should not apply, Plaintiff's Complaint alleges claims in both tort and contract law. (Notice of Removal, Ex. A at ¶ 4, 43.) The statute of limitations for breach of the implied covenant of good faith and fair dealing in contract law is four years. CAL. CODE CIV. PROC. § 337. Additionally, a plaintiff need not elect between tort and contract causes of action at the pleading stage. *Frazier v. Metropolitan Life Ins. Co.*, 169 Cal. App. 3d 90, 100–102 (1985). Thus, barring Plaintiff's Third Cause of Action based on the statute of limitations would deny Plaintiff the opportunity to pursue its contract law claim. The instant lawsuit, therefore, is well within the four-year statute of limitations that applies to contract claims for breach of the implied covenant of good faith and fair dealing and dismissal would be inappropriate.

Therefore, the Court finds that the instant suit is not barred by the statute of limitations and **DENIES** Defendant's motion to strike the Third Cause of Action.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss the First and Second Causes of Actions with leave to amend and **DENIES** Defendant's motion to dismiss the Third Cause of Action.

**IT IS SO ORDERED.**

Dated: July _28_, 2005

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. ROBERTS-OBAYASHI CORPORATION, a corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>STEADFAST INSURANCE COMPANY, a corporation, and DOES 1 through 5, inclusive,<br><br>    Defendant.                   / | No. C 05-02079 MJJ<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE FIRST AND SECOND CAUSES OF ACTION AND DENYING DEFENDANT'S MOTION TO DISMISS THE THIRD CAUSE OF ACTION** |

## INTRODUCTION

Before the Court is Defendant Steadfast Insurance Company's ("Defendant") motion to dismiss the complaint filed by James E. Roberts-Obayashi Corp. ("Plaintiff"). Defendant moves to dismiss the first two causes of action for failure to state a claim or, in the alternative, that a more definite statement should be ordered. As to the Third Cause of Action, Defendant moves for dismissal based on the statute of limitations. For the following reasons, the Court **GRANTS** Defendant's motion to dismiss the First and Second Causes of Actions with leave to amend and **DENIES** Defendant's motion to dismiss the Third Cause of Action.

## FACTUAL BACKGROUND

In December 1996, Plaintiff entered a contract to build a ninety-eight unit condominium project. As part of the contract, Plaintiff agreed to make the developer, Old Oakland Housing

Development Corp. ("Old Oakland"), and its agent, Keating Housing Initiations, Inc. ("Keating"), additional insureds on its general liability insurance policy. Plaintiff further agreed to defend, indemnify and hold Old Oakland harmless with respect to any third-party claims arising out of the construction. Plaintiff served as the general contractor for the condominium project from December 1996 through September 1998. Following construction, Old Oakland sold the condominium units to the public and conveyed its interest in the common areas to the Old Town Square I Owners Association ("Homeowners' Association").

One and a half years after the construction was completed, Defendant issued Plaintiff a commercial general liability insurance policy, effective August 31, 2000 through August 31, 2001. Plaintiff renewed the policy for a second one-year term on August 31, 2001. Plaintiff alleges that both Old Oakland and Keating are additional insureds under the two policies.

In September 2000, the Homeowners' Association for the condominium project delivered to Plaintiff a list of some 200 "observations," most of which were punch list or clean-up items, that needed repair.

A month later, in October 2000, the Homewoners' Association alerted Plaintiff to additional mechanical and electrical problems. During the same month, Plaintiff settled a year and a half old lawsuit it had initiated against Old Oakland. The terms of that settlement called for Old Oakland to pay Plaintiff $1,122,700 plus interest over several phased payments and for Keating to pay an additional $300,000. The final phased payment of $410,799.19 was conditioned, *inter alia*, on the following: (1) Plaintiff agreeing to defend, indemnify, and hold harmless Old Oakland and Keating with respect to the defects reported in September and October 2000; and (2) Plaintiff agreeing to have Old Oakland and Keating named as additional insured on its liability policy.

Almost a year later, in September 2001, the Homeowners' Association served Plaintiff with a "Notice to Builder" detailing defective workmanship which they claimed caused property damage. Plaintiff tendered the "Notice to Builder" to Defendant and Defendant accepted the tender. Old Oakland and Keating were also served with the "Notice to Builder" which they tendered to Defendant. Defendant rejected their tenders.

When the construction defects had not been corrected by May 2002, the Homeowners'

2

1  Association brought suit in state court against Plaintiff, Old Oakland, and Keating.  Plaintiff, Old
2  Oakland, and Keating, all tendered their defenses to Defendant.  Defendant refused to defend and
3  indemnify Plaintiff, Old Oakland, and Keating.  At the same time, the Alameda County Superior
4  Court entered a Judgment Pursuant To Settlement requiring Old Oakland and Keating to pay
5  Plaintiff the remaining $410,799.19 conditioned upon, *inter alia*, Plaintiff adding Old Oakland and
6  Keating to its insurance policy and defending and indemnifying them.

7  Because of Defendant's refusal to defend and indemnify, Plaintiff was contractually
8  obligated to do so for Old Oakland and Keating in the May 2002 litigation brought by the
9  Homeowners' Association.  By February 2005, Plaintiff had incurred $51,726 in attorneys' fees
10 defending Old Oakland and Keating.  Moreover, the Alameda Superior Court awarded Old Oakland
11 $25,209.35 in attorneys' fees – incurred defending the "Notice to Builder" and attempting to have
12 Defendant accept the defense of Old Oaklnad and Keating – from Plaintiff.  Finally, in responding to
13 that suit, Plaintiff incurred attorneys' fees in the amount of $10,715.60.

14 Thus, Plaintiff brought the instant action alleging three causes of action.  In the First Cause
15 of Action, Plaintiff alleges a breach of contract resulting in $498,450.14 in damages for Defendant's
16 unreasonable failure to assume its defense obligations with respect to Old Oakland and Keating.  In
17 the Second Cause of Action, Plaintiff seeks a declaratory judgment that Defendant is obligated to
18 defend and indemnify Old Oakland and Keating.  The Third Cause of Action alleges that Defendant
19 breached the implied covenant of good faith and fair dealing by denying tender of defense to
20 Plaintiff and the additional insureds.

21 Defendant has brought the instant Rule 12(b)(6) motion to dismiss the first two causes of
22 action for lack of standing and to dismiss the third cause of action as barred by the statute of
23 limitations.

24 **LEGAL STANDARD**

25 A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims asserted in the
26 complaint.  *See Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337 (9th Cir. 1996).  Dismissal of an
27 action pursuant to Rule 12(b)(6) is appropriate only where it "appears beyond doubt that the plaintiff
28 can prove no set of facts in support of his claim which would entitle him to relief."  *Levine v.*

3

*Diamanthuset, Inc.*, 950 F.2d 1478, 1482 (9th Cir. 1991) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).  In reviewing such a motion, the Court must assume all factual allegations to be true and must construe them in the light most favorable to the nonmoving party.  *See N. Star v. Ariz. Corp. Comm.*, 720 F.2d 578, 580 (9th Cir. 1983).  In the context of a motion to dismiss, review is limited to the contents of the complaint.  *Allarcom Pay Television, Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995).  However, matters properly presented to a court, such as those attached to the complaint and incorporated within its allegations, may be considered as part of the motion to dismiss.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Motions to dismiss for failure to state a claim "are generally viewed with disfavor." *Ramos v. Cal. Comm. of Bar Exam'rs of the State Bar of Cal.*, 857 F. Supp. 702, 704 (N.D. Cal. 1994). "Each averment of a pleading shall be simple, concise, and direct." FED. R. CIV. P. 8(e)(1). Courts must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994). If the complaint does not meet the liberal pleading standard, a court must grant leave to amend unless "it is absolutely clear that the deficiencies of the complaint [cannot] be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**ANALYSIS**

Defendant argues that based on Rule 12(b)(6) of the Federal Rules of Civil Procedure, the first two claims (breach of contract and declaratory relief) should be dismissed because Plaintiff is not the real party in interest and the third claim (breach of the implied covenant of good faith and fair dealings) should be dismissed because it is barred by the statute of limitations.

**A.    Rule 17(a) Dictates The First Two Causes Of Action Should Not Be Dismissed.**

Rule 17(a) of the Federal Rules of Civil Procedure requires that "every action shall be prosecuted in the name of the real party in interest." Rule 17(a) also prohibits dismissal of an action "on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." FED. R. CIV. P. 17(a). But, a court can dismiss the

4

action when it grants leave to amend.  *See, e.g.*, *Raynor Bros. v. Am. Cyanimid Co.*, 695 F.2d 382, 384 (9th Cir. 1982); *Cigarette King v. Phillip Morris USA*, 2005 WL 1405122, at *5 (E.D. Cal. Jun 15, 2005).

Defendant argues that Plaintiff seeks to have the Court enforce or obtain a judicial declaration of contractual rights that allegedly exist between:  (1) Defendant and Old Oakland; and (2) Defendant and Keating.  Defendant notes that Rule 17(a) "requires that the party who brings an action actually posses, under the substantive law, the right sought to be enforced."  *United HealthCare Corp. v. Am. Trade Ins. Co.*, 88 F.3d 563, 569  (8th Cir. 1996).  Because Old Oakland and Keating are not the real parties in interest, Defendant contends that the case should be dismissed outright based on Rule 17(a).

Plaintiff concedes that the first and second causes of action, with respect to Old Oakland and Keating, are not brought by the real parties in interest.  (Plaintiff's Opposition to Defendant's Motion to Dismiss ("Opp.") at 7:1–9).  However, Plaintiff argues that dismissal at the current time based on the plain language of Rule 17(a) would be premature since the defect can be cured by joinder, substitution, or an amended complaint.

Under California law, an insurer's obligation to an additional insured is separate and distinct from those owed to the named insured.  *See Am. Home Ins. Co. v. Travelers Indemnity Co.*, 122 Cal. App. 3d 951, 968 (1981).  Moreover, only a party to the policy or an assignee thereunder may sue to enforce the policy or for a judicial declaration of the parties' rights and duties owed under the policy.  *Id.*  The *Travelers Indemnity* court stated that the "question of standing to sue is one of the right to relief and goes to the existence of a cause of action against the defendant." *Id.*  It further noted that "where the complaint states a cause of action in someone, but not in the plaintiff, a general demurrer for failure to state a cause of action will be sustained." *Id.*  However, the court also noted that "sustaining a general demurrer without leave to amend is not an abuse of discretion if it appears from the complaint that under applicable substantive law *there is no reasonable possibility or probability that the defect can be cured by amendment.*"  *Id.* (quoting *Fireman's Fund Ins. Co. v. Sec. Pacific Nat. Bank,* 85 Cal. App. 3d 797, 832 (1978)) (emphasis added).  Since Defendant only raised its objection to the real party in interest a month and a half ago, the Court finds a reasonable

5

time has not yet passed to allow Plaintiff to ratify the complaint by joinder or substitution of the real party in interest. Additionally, the Court notes that since there is a reasonable possibility or probability that the defect can be cured by amendment, substitution, or joinder, dismissal without leave to amend is inappropriate. *See Travelers Indemnity*, 122 Cal. App. 3d at 968. Furthermore, the Court believes that dismissal with leave to amend best serves the interests of justice. Such a dismissal allows Plaintiff an opportunity to correct the defect and ensures the Court and the parties avoid an unnecessary rehearing on the instant motion to dismiss – thirty days from now – in the event Plaintiff fails to do so. Accordingly, the Court **GRANTS** Defendant's motion to dismiss the First and Second Causes of Action without prejudice and allows Plaintiff thirty days leave to amend.

**B.    The Statute of Limitations Has Not Yet Run On The Third Cause of Action.**

Defendant argues that since the denial of benefits occurred on December 24, 2002, Plaintiff's lawsuit, filed on April 8, 2005, is past the two-year statute of limitations which ended on December 24, 2004. Plaintiff contends that the statute of limitations tolls until a judgment in the underlying action is finalized and thus the lawsuit is timely filed.

The statute of limitations for a tortious bad faith claim is two years. *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1143–44 n.4 (1990) ("[T]ort remedies on [a] claim for breach of the covenant of good faith and fair dealing . . . is barred by the two-year statute of limitations under Code of Civil Procedure section 339.") However, the California Supreme Court has unambiguously declared that the statute of limitations period tolls until a judgment in an underlying action is finalized. *Lambert v. Commonwealth Land Title Ins. Co.*, 53 Cal. 3d 1072, 1075, 1080 (1990). In *Lambert*, the court explicitly rejected the contention that an "action for breach of the duty to defend a claim under a title insurance policy accrues when tender of the defense is refused." *Id.* at 1074. Instead, the California Supreme Court specifically noted that it would be unfair "to require an insured . . . to defend the underlying action, at [their] own expense, and simultaneously to prosecute – again at [their] own expense – a separate action against the title company for failure to defend." *Id.* at 1078. The court held that fairness and justice required "equitable tolling of the insured's action to establish coverage until resolution of the underlying claim." *Id.* at 1081.

Here, the May 2002 Homeowners' Association Lawsuit is the underlying claim to the

present action; Defendant's failure to defend and indemnify in that lawsuit prompted Plaintiff to file the instant case. Since the moving party has not established that the underlying action—the May 2002 Homeowner's Association Lawsuit—is complete, *Lambert* permits equitable tolling of Plaintiff's instant action until resolution of the underlying action so that Plaintiff will not have to simultaneously prosecute separate actions at its expense. Accordingly, the Court finds that the instant suit is not barred by the two-year statute of limitations.

Alternatively, even if the Court agreed that equitable tolling should not apply, Plaintiff's Complaint alleges claims in both tort and contract law. (Notice of Removal, Ex. A at ¶ 4, 43.) The statute of limitations for breach of the implied covenant of good faith and fair dealing in contract law is four years. CAL. CODE CIV. PROC. § 337. Additionally, a plaintiff need not elect between tort and contract causes of action at the pleading stage. *Frazier v. Metropolitan Life Ins. Co.*, 169 Cal. App. 3d 90, 100–102 (1985). Thus, barring Plaintiff's Third Cause of Action based on the statute of limitations would deny Plaintiff the opportunity to pursue its contract law claim. The instant lawsuit, therefore, is well within the four-year statute of limitations that applies to contract claims for breach of the implied covenant of good faith and fair dealing and dismissal would be inappropriate.

Therefore, the Court finds that the instant suit is not barred by the statute of limitations and **DENIES** Defendant's motion to strike the Third Cause of Action.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss the First and Second Causes of Actions with leave to amend and **DENIES** Defendant's motion to dismiss the Third Cause of Action.

**IT IS SO ORDERED.**

Dated: July _28_, 2005

_____
MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

7